**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUBEN CARREON MEDINA,<br><br>  Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | Case Nos. CV 16-05181-BRO<br>         CR 15-00416-BRO<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

**I.   INTRODUCTION**

Pending before the Court is Petitioner Ruben Carreon Medina's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 1 (hereinafter, "Mot.").) After considering the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, Petitioner's Motion is **DENIED**.

**II.   BACKGROUND**

Petitioner Ruben Carreon Medina ("Petitioner"), proceeding in this action *pro se*, is currently serving a 46-month sentence at a federal correctional complex in Adelanto, California, after he pled guilty to a single-count indictment charging him with being an illegal alien found in the United States following deportation in

1

violation of 8 U.S.C. §§ 1326(a), (b)(2). (*See* Mot. at 1; Dkt. No. 5 (hereinafter, "Opp'n") at 2.) Petitioner contends that his sentence is unconstitutional following the guidance of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Respondent the United States of America ("the Government") maintains that Petitioner's sentence is proper. (Opp'n at 1.)

Petitioner has been deported or removed from the United States several times, on or about the following dates: August 1, 2001; December 21, 2002; July 19, 2004; February 16, 2005; May 3, 2007; and, June 16, 2008. (Opp'n at 2.) On February 10, 2004, prior to at least one of his deportations, Petitioner was convicted of the aggravated felony of Corporal Injury to Spouse/Cohabitant, in violation of California Penal Code section 273.5(a). (*Id.*)

As noted above, on October 5, 2015, in the underlying proceeding, Petitioner pled guilty (without a plea agreement) to being an illegal alien found in the United States following deportation. (Opp'n at 1.) At his plea hearing, Petitioner admitted he was found within the Central District of California on December 7, 2014, after being deported and removed from the United States and thereafter knowingly and voluntarily re-entering and remaining in the United States without lawful permission. (Opp'n at 1–2.)

On November 30, 2015, the United States Probation Office (the "USPO") issued a Presentence Report calculating a criminal history category of IV based on Petitioner's nine criminal history points. (Opp'n at 2.) The USPO calculated a total offense level of twenty-one by factoring in the following: a base offense level of eight pursuant to U.S. Sentencing Guidelines Manual § 2L1.2(a) (U.S. Sentencing Comm'n 2015) [hereinafter, "U.S.S.G. § 2L1.2"], a sixteen-level increase because Petitioner was deported after a felony conviction for a crime of violence pursuant to U.S.S.G. § 2L1.2 (b)(1)A)(ii), and a three-level downward adjustment for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1 (U.S. Sentencing Comm'n 2015). (*Id.*) The USPO also recommended that Petitioner

1  receive a two-level downward adjustment for cultural assimilation, resulting in a
2  recommended 46-month sentence. (Opp'n at 2–3.) The Government opposed the
3  USPO's cultural assimilation adjustment, and, instead, recommended the low-end
4  guideline range of fifty-seven months. (Opp'n at 3.) On January 2, 2016, this Court
5  adopted the USPO's recommendation and sentenced Petitioner to a term of forty-six
6  months. (*Id.*)
7        On July 14, 2016, Petitioner filed the instant Motion, arguing that U.S.S.G.
8  § 2L1.2's definition of a "crime of violence" is unconstitutional under *Johnson* and
9  thus, it was unconstitutional for the Court to consider his section 273.5(a) conviction
10 a crime of violence. (*See* Mot.) The Government opposed Petitioner's Motion on
11 August 18, 2016. (*See* Opp'n.) Petitioner submitted his Reply on September 9,
12 2016. (*See* Dkt. No. 22 (hereinafter, "Reply").)
13     **III.   LEGAL STANDARD**
14       Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court
15 established by Act of Congress . . . may move the court which imposed the sentence
16 to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). The statute
17 authorizes the sentencing court to grant relief if it concludes "that the sentence was
18 imposed in violation of the Constitution or laws of the United States, or that the court
19 was without jurisdiction to impose such sentence, or that the sentence was in excess
20 of the maximum authorized by law, or is otherwise subject to collateral attack." *Id.*
21 If the court finds that relief is warranted, it must vacate and set aside the judgment,
22 and then do one of four things: (1) discharge the prisoner, (2) resentence him,
23 (3) grant a new trial, or (4) "correct the sentence as may appear appropriate." *Id.*
24 § 2255(b); *accord United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).
25       A district court "must grant a hearing to determine the validity of a petition
26 brought under [section 2255] unless the motions and the files and records of the case
27 conclusively show that the prisoner is entitled to no relief." *United States v.*
28 *Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (internal quotation marks omitted). In

deciding whether to grant an evidentiary hearing, the district court should determine whether, accepting the truth of the petitioner's factual allegations, he could prevail on his claim. *Id.* An evidentiary hearing is thus required where the petitioner "allege[s] specific facts, which, if true, would entitle him to relief," and the record "cannot conclusively show that the petitioner is entitled to no relief." *United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004). "Evidentiary hearings are particularly appropriate when claims raise facts which occurred out of the courtroom and off the record." *United States v. Chacon-Palomares*, 208 F.3d 1157, 1159 (9th Cir. 2000) (internal quotation marks omitted); *accord De Morais v. United States*, No. 10-CR-00557-WHO-1, 2015 WL 2357555, at *4 (N.D. Cal. May 15, 2015).

In habeas matters such as this one involving *pro se* petitioners, the Court is to construe the *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In doing so, however, "the petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor." *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010).

## IV. DISCUSSION

Petitioner argues that his sentence should be vacated because it was unconstitutionally enhanced under U.S.S.G. § 2L1.2. (*See* Reply at 6.) According to Petitioner, this enhancement was improper because U.S.S.G. § 2L1.2's definition of a "crime of violence" is unconstitutionally vague under the Supreme Court's decision in *Johnson*. (*See id.*) For the reasons outlined below, the Court disagrees and, accordingly, **DENIES** Defendant's Motion.

### A. Controlling Precedent Regarding Unconstitutionally Vague Definitions of a Crime of Violence

In *Johnson*, the Supreme Court addressed whether the Armed Career Criminal Act's ("ACCA") residual clause was unconstitutionally vague. 135 S. Ct. at 2556. In relevant part, the ACCA's residual clause defined a "violent felony" as a crime that "involves conduct that presents a serious potential risk of physical injury to

another." *Id.* at 2564 (quoting 18 U.S.C. § 924(e)(2)(B)) (internal quotation marks omitted). The Court held that the phrase "presents a serious potential risk of physical injury to another" was an unconstitutionally vague definition because it "leaves grave uncertainty about how to estimate the risk posed by a crime" and "about how much risk it takes for a crime to qualify as a violent felony." *Id.* 135 S. Ct. at 2554–55, 2557–58.

In *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015), the Ninth Circuit held 18 U.S.C. § 16(b)'s definition of a "crime of violence" was also unconstitutionally vague under *Johnson*.[1] In its decision, the Ninth Circuit distilled *Johnson*'s reasoning into a "two-part test" that considers a statute unconstitutionally vague if the statute's definition of a violent crime: "(1) 'leaves grave uncertainty about how to estimate the risk posed by the crime'; and (2) 'leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony.'" *Id.* at 1127 (citing *Johnson*, 135 S. Ct. at 2554–55, 2557–58). Applying *Johnson*'s two-part test, the court held that the similarity of the language used in 18 U.S.C. § 16(b) and the unconstitutionally vague language of the ACCA's residual clause meant that 18 U.S.C. § 16(b) satisfied the two-part test, and thus was unconstitutionally vague. *Id.* at 1129. However, the court noted that this finding did not "cast any doubt on the constitutionality of 18 U.S.C. § 16(a)'s definition of a crime of violence." *Id.* at 1120 n.17. Thus, the language in 18 U.S.C. § 16(a) remains constitutional. *See Arellano Hernandez v. Lynch*, 831 F.3d 1127, 1131–32 (9th Cir. 2016) (citing *Dimaya*, 803 F.3d at 1120 n.17).

**B.  Whether U.S.S.G. § 2L1.2 is Unconstitutionally Vague**

U.S.S.G. § 2L1.2 defines a crime of violence as an "offense . . . that has an

---

[1] 18 U.S.C. § 16 provides two definitions of a "crime of violence." Under 18 U.S.C. § 16(a), a crime of violence means "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Under 18 U.S.C. § 16(b), a crime of violence is defined as " any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

element the use, attempted use, or threatened use of physical force against the person of another."[2]  This definition is similar to the definition of a "crime of violence" found in 18 U.S.C. § 16(a), and distinct from the unconstitutionally vague language of 18 U.S.C. § 16(b).  *See Nieves-Medrano v. Holder*, 590 F.3d 1057, 1058 (9th Cir. 2010) (comparing the definition of a crime of violence used by U.S.S.G. § 2L1.2 with the definition in 18 U.S.C. § 16(a) and finding that "there is no meaningful distinction" between the two); *compare* U.S.S.G. § 2L1.2 cmt. n.2 (defining a "crime of violence" as certain enumerated offenses or as "any other offense . . . under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another"), *with* 18 U.S.C. § 16(a) (defining a "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another"), *and* 18 U.S.C. § 16(b) (defining a "crime of violence" as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense").  Thus, because the Ninth Circuit has suggested that 18 U.S.C. § 16(a) remains constitutional under *Johnson*, U.S.S.G. § 2L1.2 also remains constitutional under *Johnson*.  *See Dimaya*, 803 F.3d at 1120 n.17.  Accordingly, the Court finds that Petitioner's argument fails to the extent he contends that the similarity between 18 U.S.C. § 16(a) and U.S.S.G. § 2L1.2 renders § 2L1.2 unconstitutionally vague under *Johnson*.

---

[2] The full definition of a crime of violence relied upon by U.S.S.G. § 2L1.2 is

> any of the following offenses under federal, state, or local law: murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c), or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L.1.2 cmt. n.2.  Petitioner only challenges the constitutionality of the "use of physical force" language.  (*See* Mot.; Reply.)


### C. Whether the Holding that Penal Code Section 273.5 is Categorically a Crime of Violence Under U.S.S.G. § 2L1.2 Remains Constitutional Under *Johnson*

Further, prior to *Johnson*, the Ninth Circuit twice held that California Penal Code section 273.5(a) "is a categorical crime of violence" under U.S.S.G. § 2L1.2.[3] *United States v. Ayala-Nicanor,* 659 F.3d 744, 748–49 (9th Cir. 2011); *United States v. Laurico-Yeno*, 590 F.3d 818, 823 (9th Cir. 2010).  In reaching this conclusion, the court relied on the "the use . . . of physical force against the person of another" clause of U.S.S.G. § 2L1.2.  *Laurico-Yeno*, 590 F.3d at 821.  As addressed above, this language is nearly identical to the constitutional language of 18 U.S.C. § 16(a), not the unconstitutional language of 18 U.S.C. § 16(b).  Thus, the finding that Penal Code section 273.5(a) is a categorical crime of violence under U.S.S.G. § 2L1.2, "was not called into question by *Johnson*."  *See United States v. Grant*, No. 09–cr–01035–PJH–1, 2016 WL 3648639, at *6 (N.D. Cal. July 8, 2016) (holding that even after *Johnson*, Penal Code section 273.5 constitutionally remains a categorical crime of violence).  Accordingly, the Court finds that *Johnson* does not render Petitioner's sentence enhancement unconstitutional.

### V. CONCLUSION

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED**.  Any request for a certificate of appealability is also **DENIED**.

IT IS SO ORDERED.

Dated: December 29, 2016

Beverly Reid O'Connell
Judge, United States District Court

---

[3] In *Johnson*, the Supreme Court did not strike the use of the categorical framework in defining violent felonies generally.  *See Johnson*, 135 S. Ct. at 2562; *see also Dimaya*, 803 F.3d at 1128 ("[T]he Court specifically stated that it was not abandoning the categorical approach.").  Thus, the fact that the Ninth Circuit found Penal Code section 273.5(a) to be a categorical crime of violence does not, on its own, render Petitioner's sentence unconstitutional.